NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

TERRENCE QUENTIN DOMINICK, II, *Appellant*.

No. 1 CA-CR 21-0395
FILED 8-25-2022

Appeal from the Superior Court in Maricopa County
No.  CR2019-144414-001
The Honorable Glenn A. Allen, Judge, *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Eric Knobloch
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Lawrence S. Matthew
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Brian Y. Furuya delivered the decision of the Court, in which Presiding Judge David D. Weinzweig and Judge Jennifer M. Perkins joined.

---

**F U R U Y A**, Judge:

¶1          Terrence Quentin Dominick II appeals his conviction and sentence for unlawful use of means of transportation, arguing the superior court erroneously admitted evidence in violation of the rule against hearsay and the Confrontation Clause. Because sufficient evidence supports his conviction, even without considering the evidence to which Dominick objects, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2          The victim left her car running for "less than a minute" while she went to retrieve something inside her house. When she returned, the car was gone. The victim called police, and a dispatcher disseminated information about the vehicle. An officer soon saw a car resembling the stolen vehicle run a red light about 3.5 miles from the victim's home.

¶3          The intersection where the car ran the red light was equipped with a camera to capture traffic violations. Police retrieved camera footage that showed the victim's vehicle running the light. An officer who viewed the footage recognized a male passenger in the car. Police located and questioned the passenger, who told them "Terrence" was driving the vehicle and had picked him up "at Elgin Park," which was about a quarter mile from the victim's house. By researching social media sites, police found a local "Terrence Dominick" who resembled the driver of the vehicle in the red-light camera footage. Officers located Dominick near Elgin Park and questioned him. Dominick admitted he "had" the car, but he denied stealing it, saying a woman had given it to him, and police found no car keys on him. Police found the vehicle where Dominick reported last seeing it—in the parking lot of an apartment complex near the victim's house. The State arrested Dominick and charged him with theft of means of transportation, a class 3 felony.

¶4          Before trial, Dominick moved to preclude admission of the passenger's statements that "Terrence" was driving the vehicle and picked

him up "at Elgin Park." He argued the statements were inadmissible hearsay and would violate his rights under the Confrontation Clause unless the passenger testified. The State countered that the passenger's statements would be offered exclusively to show their effect on police, illustrating what prompted them to search for a "Terrence" near Elgin Park. As such, the passenger's statements were not being submitted for their truth and were not hearsay. The court agreed with the State and denied Dominick's motion.

¶5        At trial, the State offered evidence, on direct examination, from two officers about the passenger's statements. The officer who investigated the suspect's identity testified that he became aware at some point that "the driver's first name was Terrence." Dominick did not object to that testimony. Later, the officer who interviewed the passenger testified that the passenger told him the driver's first name was "Terrence" and "Terrence picked him up at Elgin Park." Dominick objected. The court overruled the objection, declining to revisit its earlier ruling.

¶6        A jury found Dominick not guilty of theft of means of transportation but found him guilty of unlawful use of means of transportation, a lesser-included offense. The court sentenced Dominick to five years' imprisonment with 566 days of presentence incarceration credit. He timely appealed, and we have jurisdiction under Arizona Revised Statutes ("A.R.S.") §§ 12-120.21(A)(1), 13-4031, and -4033(A)(1).

## DISCUSSION

¶7        As he did at trial, Dominick argues on appeal that the court should have excluded the passenger's statements under the hearsay rule and the Confrontation Clause. The State argues Dominick criticized the police investigation, thereby placing it in issue and justifying admission of the passenger's statements to show "how the investigation unfolded," which it asserts is a permissible non-hearsay use that did not invoke Confrontation Clause rights to cross-examination. Dominick counters that his critique of the investigation never challenged how police identified him as a suspect.

¶8        When a defendant objects at trial to an alleged error, we may consider such error under the harmless error standard. *See State v. Henderson*, 210 Ariz. 561, 567, ¶ 18 (2005). The State establishes that an alleged error was harmless if it can prove beyond a reasonable doubt that the error "did not contribute to or affect the verdict or sentence." *Id.* This burden is met if the State demonstrates that "there is overwhelming

additional evidence sufficient to establish the prosecution's case." *State v. Fulminante*, 161 Ariz. 237, 245 (1988), *aff'd*, 499 U.S. 279 (1991).

**¶9** We need not settle the parties' dispute over admissibility of the passenger's statements because the State has established that even disregarding the challenged testimony, "overwhelming additional evidence" sufficiently established its case. *Id.*

**¶10** To convict Dominick of unlawful use of means of transportation, the jury needed to find that he "[k]nowingly [took] unauthorized control over another person's means of transportation." A.R.S. § 13-1803(A)(1). Overwhelming evidence outside of the passenger's statements established Dominick's guilt of that offense. He admitted he "had" the car; jurors could compare his appearance to the red-light camera footage of the driver; and he did not dispute or otherwise challenge the victim's testimony that she did not know him or authorize him to have her car. The passenger's statement about being picked up by Dominick "at Elgin Park" was arguably relevant to whether Dominick stole the vehicle. But the jury ultimately acquitted him of that charge. And given Dominick's admissions and other unchallenged evidence, the statements were immaterial to the jury's determination of unlawful use.

## CONCLUSION

**¶11** We affirm Dominick's conviction and resulting sentence.



AMY M. WOOD • Clerk of the Court
FILED:    AA